# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| MICHAEL STEWART, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 1:17-CV-028-CLC-SKL |
| | ) | |
| STATE OF TENNESSEE and DARREN L. SETTLES, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 [Doc. 2]. Respondent has filed a response in opposition to the motion, as well as the state court record [Docs. 13 and 14]. For the reasons set forth below, Petitioner is not entitled to relief under § 2254 and this matter will be **DISMISSED**.

### I. PROCEDURAL HISTORY

A Polk County, Tennessee jury convicted Petitioner of first-degree felony murder, kidnapping, and tampering with evidence [Doc. 13-1 pp. 89–100]. Petitioner appealed his convictions on the grounds that the evidence was insufficient to support the jury's verdict as to kidnapping and felony murder and the trial court wrongly overruled defense counsel's objection to testimony regarding the fact that Petitioner was taken into custody on outstanding warrants [Doc. 13-8]. The Tennessee Court of Criminal Appeals ("TCCA") affirmed Petitioner's convictions. *State v. Stewart*, No. E2007-00841-CCA-R3-CD, 2009 WL 1328871 (Tenn. Crim. App. May 13, 2009), *perm. app. denied* (Tenn. Oct. 19, 2009).

Next, Petitioner filed a motion for post-conviction relief alleging various claims of ineffective assistance of counsel and arguments regarding the manner in which the trial court

selected the jury, the sufficiency of the evidence, and the trial court's jurisdiction [Doc. 13-13 pp. 4–26]. In its order denying Petitioner's motion for post-conviction relief, the post-conviction court found that Petitioner's trial counsel had provided ineffective assistance of counsel to Petitioner in a number of ways, but that Petitioner had not established that any such ineffective assistance had prejudiced him [Doc. 13-13 pp. 122–23].

In its opinion affirming the denial of Petitioner's motion for post-conviction relief, the TCCA found that Petitioner had waived his claim regarding empanelment of the jury by not raising it in his direct appeal under Tennessee law. *Stewart v. State*, No. E2015000418-CCA-R3-PC, 2016 WL 3621440, at *22–26 (Tenn. Crim. App. June 29, 2016), *perm. app. denied* (Tenn. October 19, 2016). The TCCA also agreed with the post-conviction court's finding that counsel had been ineffective in his representation of Petitioner in a number of ways, but likewise found that Petitioner had not established that any prejudice resulted from this ineffective assistance. *Id.* at *22–26.

In his timely petition for a writ of habeas corpus and memorandum in support thereof filed with this Court, Petitioner sets forth a claim that the trial court erred in its selection of jurors and a number of claims for ineffective assistance of counsel [Docs. 2 and 3].

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified in 28 U.S.C. § 2254, *et. seq.*, a district court may not grant habeas corpus relief for a claim that a state court adjudicated on the merits unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1) and (2). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (quotation marks omitted).

## III. ANALYSIS

### A. Jury Selection Claim

Petitioner first asserts that the trial court erred when it ran out of potential panel jurors and therefore brought individuals into the court from off the street to serve as jurors [Doc. 2 p. 5]. As set forth above, however, Petitioner did not raise this claim in his direct appeal of his convictions with the TCCA, but rather first raised it in his petition for post-conviction relief [Doc. 13-8; Doc. 13-13 p. 4–26]. Accordingly, the TCCA found that Petitioner had waived this argument under Tenn. Code Ann. § 40-30-106(g). *State v. Stewart*, 2016 WL at *22.

Petitioner's failure to raise this claim in his direct appeal of his convictions in violation of Tenn. Code Ann. § 40-30-106(g) likewise bars this Court from considering it, as Petitioner has not shown any cause to excuse this default. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (holding that a petitioner who fails to raise his federal claim in the state courts and is now barred by a state procedural rule from returning that claim to state court has committed a procedural default which forecloses federal habeas review unless the petitioner shows cause to excuse his failure to comply with the procedural rule and actual prejudice resulting from the alleged constitutional violation).

As such, Petitioner is not entitled to relief under § 2254 for this claim.

### B. Ineffective Assistance of Counsel Claims

The Sixth Amendment provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const.

amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687. Petitioner has the burden of showing both deficient performance and prejudice. *Smith v. Robbins*, 528 U.S. 259, 285–86 (2000).

The second prong requires the petitioner to show that counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. In order to prevail on a claim of prejudice, a petitioner must establish "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. While both prongs must be established to meet a petitioner's burden, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

Petitioner sets forth a number of claims for ineffective assistance of counsel in his § 2254 motion and memorandum in support thereof [Doc. 2 p. 7; Doc. 3 pp. 7–12]. Specifically, in these filings, Petitioner appears to have taken most of the acts of his trial counsel that the post-conviction court found amounted to ineffective assistance of counsel and alleged that he is entitled to relief

4

under § 2254 for these acts [*Id.*].[1] In these filings, however, Petitioner does not specify any prejudice resulting from the deficient performance of his attorney other than to make the conclusory statement that counsel's failure to object to the trial court's empanelment of jurors from the street "undermined confidence" in the outcome of his trial [Doc. 9 pp. 7–12].

Moreover, and most relevantly, Petitioner has set forth nothing to support a finding that the TCCA's finding of no prejudice was contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence presented, nor does the record support such a finding. To the contrary, the TCCA's well-reasoned opinion on Petitioner's post-conviction claims detailed the factual evidence presented at the evidentiary hearing and applied *Strickland* to determine that Petitioner had not met his burden to establish prejudice as required for Petitioner to be entitled to relief for his claims of ineffective assistance of counsel. *Stewart v. State*, 2016 WL at *1–26. Accordingly, Petitioner has not established that he is entitled to relief under § 2254 for his ineffective assistance of counsel claims.

## IV.　CONCLUSION

As Petitioner has not met his burden to establish that he is entitled to relief under § 2254, this action will be **DISMISSED**.

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. 28

---

[1] To the extent the Petitioner presents claims for ineffective assistance of counsel in his § 2254 petition that he did not raise in his appeal of the denial of his post-conviction petition, those claims are procedurally defaulted and Petitioner has shown no cause to excuse that default. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

5

U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the court dismisses a claim on the merits, but reasonable jurists could conclude the issues raised are adequate to deserve further review, the petitioner has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003); *Slack*, 529 U.S. at 484.

The Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right, as jurists of reason would not debate the Court's findings that Petitioner procedurally defaulted his jury empanelment claim and is not entitled to relief under § 2254 for his ineffective assistance of counsel claims.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**